UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
JARED HAYES,                  :
                              :
        Petitioner,           :   Civ. No. 20-5268 (NLH)
                              :
    v.                        :   OPINION
                              :
                              :
DAVID ORTIZ,                  :
                              :
        Respondent.           :
_____:

APPEARANCE:

Jared Hayes
12889-050
FCI Fort Dix
Inmate Mail/Parcels
EAST: P.O. BOX 2000
Fort Dix, NJ 08640
     Petitioner Pro se

HILLMAN, District Judge

     Petitioner Jared Hayes seeks to bring a petition for writ
of habeas corpus pursuant to 28 U.S.C. § 2241.  See ECF No. 1
(petition).

     The filing fee for a petition for writ of habeas corpus is
$5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is
required to be paid at the time the petition is presented for
filing.  Pursuant to Local Civil Rule 81.2(b), whenever a
prisoner submits a petition for writ of habeas corpus and seeks
to proceed in forma pauperis, that petitioner must submit (a) an
affidavit setting forth information which establishes that the

petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  L. Civ. R. 81.2(c).

Here, Petitioner has failed to either include the $5 filing fee or a complete application to proceed in forma pauperis.  He must either submit the $5 filing fee or a complete application to proceed in forma pauperis for his habeas petition to be considered.

For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this Petition without prejudice.[1]  The Clerk will be instructed to reopen this matter once Petitioner submits either the filing fee or a complete in

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

forma pauperis application.  An appropriate Order will be

entered.


Dated:  April 30, 2020          s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.