UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

_____        :
                                           :
JARED HAYES,                               :
                                           :
          Petitioner,                      :   Civ. No. 20-5268 (NLH)
                                           :
     v.                                    :   OPINION
                                           :
                                           :
DAVID ORTIZ,                               :
                                           :
          Respondent.                      :
_____        :

APPEARANCES:

Jared Hayes, 12889-050
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640


     Petitioner Pro se

Craig Carpenito, United States Attorney
Elizabeth Ann Pascal, Assistant United States Attorney
Office of the U.S. Attorney
401 Market Street
P.O. Box 2098
Camden, NJ 08101


     Counsel for Respondent

HILLMAN, District Judge

     Petitioner Jared Hayes brings this petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241 asking to be released

to a residential re-entry center ("RRC") or home confinement due

to the coronavirus COVID-19 pandemic.  See ECF Nos. 1 & 7.  He

also moves for release on bail pending a decision.  ECF No. 9.
Respondent United States opposes the § 2241 petition, arguing
that Petitioner failed to exhaust his administrative remedies
and that the Bureau of Prisons ("BOP") reasonably determined the
length of Petitioner's RRC placement.  ECF No. 12.

For the reasons that follow, the Court will dismiss the
petition as unexhausted.  Petitioner's motion for bail is
denied.

I.  BACKGROUND

Petitioner pled guilty to conspiracy, 18 U.S.C. § 371;
aiding & abetting bank fraud, 18 U.S.C. §§ 2, 1344; and aiding &
abetting use of counterfeit & unauthorized access devices, 18
U.S.C. §§ 2, 10219(A)(2), in the United States District Court
for the Eastern District of Pennsylvania.  ECF No. 12 at 3-4;
see also United States v. Hayes, No. 2:14-cr-00315 (E.D. Pa.
July 30, 2015).  On January 23, 2017, Petitioner was sentenced
to a 55-month term of imprisonment, which included a concurrent
55-month term for aiding & abetting aggravated identity theft,
18 U.S.C. §§ 2, 1028(A)(1).  ECF No. 12 at 4.  "Assuming
Petitioner receives all good conduct time available, his
projected release date is February 15, 2021."  Id.

On August 22, 2019, Petitioner's unit manager issued a
report discussing Petitioner's eligibility for RRC placement
under the Second Chance Act of 2007.  ECF No. 12-2 at 8.  The

unit team "recommend[ed] a placement date between November 14, 2020 and December 14, 2020." Id.[1]  The report noted that "Inmate Hayes has not yet secured employment" and "[h]e has received an incident report of 'Greatest' severity during his term of incarceration."  Id.  "Neither the Court that imposed the sentence or the U.S. Sentencing Commission made any recommendation in regards to RRC placement."  Id.  "Inmate Hayes' Inmate Skills Development Plan was reviewed, and both the Health Services and Psychology Departments recommended him for RRC placement.  Inmate Hayes is considered Low-Risk for recidivism."  Id. (emphasis omitted).

Petitioner filed a request for administrative remedy on December 22, 2019 asking for a 12-month RRC placement instead of the unit team's recommended 90 to 120-day placement.  ECF No. 1-1 at 4.  He stated that he was "requesting 12 months RRC time so that I can properly re-establish my medical needs and treatment, which is supported by the Resident Psychiatrist's sworn statement."  Id.  According to Petitioner, his case manager stated that if he "was successful at providing a recommendation from the Psychology Department [his case manager] would not have an issue with putting [him] in [RRC] for 12 months."  Id.  "Dr.

---

[1] As of April 30, 2020, Petitioner's Public Information Inmate Data sheet reflects a current home detention eligibility date of September 2, 2020.  ECF No. 12-1 at 6.

Ragone concluded that the medication I was prescribed prior to my incarceration would not be ideal for a prison environment but so far the medication he prescribed for me has not worked, so he increased the dosage.  He explained to me that medication alone is not the solution to addressing my mental condition."  Id. at 5.

Warden David Ortiz denied the request on January 22, 2020:

> On August 21, 2019, you were evaluated for RRC placement by your Unit Team.  It was determined that 90-120 days of RRC placement in the Eastern District of Pennsylvania would be sufficient to meet your pre-release needs.  The recommendation of 90-120 days was based in part, on your individual, expressed needs, employment prospects, financial support, and completion of several self-improvement programs/educational classes.

> In regard to your mental health needs, you are listed as Care Level 1.  The Unit Team has no documentation which would indicate you have specific mental health treatment needs.  Rather, you furnished documentation supporting that you were seen for a Psychiatric evaluation at FTD and received unspecified Early Intervention Support Services for 30 days prior to incarceration.

Id. at 6-7.  Warden Ortiz informed Petitioner that he had 20 days to appeal the decision to the Northeast Regional Office. Id. at 7.

Petitioner submitted an appeal on February 3, 2020.  Id. at 8.  He argued that his "mental health concerns dealing with my treatment and medical needs at FCI Fort Dix, are unable to improve due to the mismanagement of my medical files . . . . Many times mental health issues and concerns of prisoners are

4

not taken as serious by non-medical professionals." Id.  He argued that his history and characteristics, including his mental health needs, were supposed to be taken into account when determining RRC placement.  Id.  The BOP Northeast Regional Office rejected Petitioner's appeal as incomplete on February 23, 2020 and permitted him to resubmit the appeal within 10 days.  Id. at 10.

On March 10, 2020, Petitioner wrote to the assistant wardens asking that his RRC packet be prepared.  Id. at 70.  On March 11, 2020, Assistant Warden Smith responded:

> As a one-time courtesy, I inquired with the Case Management Coordinator regarding the status of your RRC referral.  I was advised you were initially recommended for a 90 to 120-day RRC placement; however, the recommendation was increased to 180 days based on input from the Psychology Department.  If approved in its entirety, your placement date would be August 20, 2020. For the next few months, your Unit Team is well within policy and the reasonable time frame to submit your RRC packet.  With that, they will likely contact you to sign the necessary paperwork within the next several weeks. At that time, I encourage you to express appreciation to your Unit Team for submitting the referral in advance of the policy deadline.
>
> Based on the Discipline Hearing Officer's finding you were in possession of a cellular telephone in April 2019, consider yourself fortunate to receive any RRC placement at all.  Also, you are advised a similar DHO finding between now and your transfer to an RRC may result in you remaining at FCI Fort Dix for the remainder of your sentence with no RRC placement.

Id.

Petitioner filed an informal resolution form on March 16, 2020 again asking for a 12-month RRC placement. Id. at 72. He acknowledged that he had been told "because I was only sentenced to 55 months it would be highly unlikely that you would recommend me for 12 months. You further stated that you rarely see inmates get approved for that duration of RRC with a sentence like mine." Id. However, he asserted that there had been an informal agreement for release to an RRC in May 2020. Id. at 73. The response dated March 18, 2020 informed Petitioner that his RRC paperwork had been initiated on March 2, 2020, but "on March 11, 2020, you were placed on [Inmate Financial Responsibility Program] REFUSE." Id. at 72. "'Refusal by an inmate to participate in the financial responsibility program or to comply with the provisions of his financial plan ordinarily shall result in the following; The inmate will not be place in a community-based program (RRC).' Due to your current FRP status of 'refuse', you will not be refereed for placement into a [RRC] at this time." Id. (citing BOP Program Statement 5380.08).

Petitioner filed this § 2241 petition on April 28, 2020. ECF No. 1. He argued the BOP abused its discretion in denying his request for placement in an RRC for the last year of his sentence. Id. at 7. He claimed his case manager and counselor were conspiring against him and compounded their abuse of

6

discretion by failing to consider the effect of the coronavirus COVID-19 pandemic on his reentry.  Id. at 7-8.  He asks the Court to provide him a judicial recommendation for RRC placement or home detention for the remainder of his sentence.  Id. at 8.

The Court originally administratively terminated the petition because Petitioner had not paid the filing fee or submitted an in forma pauperis application.  ECF No. 3.  The Clerk reopened the petition upon receipt of the fee and ordered the United States to answer the petition within 14 days.  ECF No. 8.

On May 22, 2020, Petitioner filed a motion for bail pending the disposition of this matter.  ECF No. 9.  The United States filed its answer on June 2, 2020.  ECF No. 12.  It argues the petition should be dismissed because Petitioner failed to exhaust his administrative remedies and is otherwise not entitled to RRC placement beyond what has already been recommended for him.  Petitioner filed his response on June 15, 2020.  ECF No. 16.[2]

---

[2] Petitioner captioned his submission as a motion to take judicial notice.  ECF No. 16.  The Court has considered the arguments made therein, but will dismiss the motion itself for case management purposes.

II.  DISCUSSION

    A.  <u>Legal Standard</u>

    Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

    A <u>pro</u> <u>se</u> pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  A <u>pro</u> <u>se</u> habeas petition must be construed liberally. <u>See</u> <u>Hunterson v. DiSabato</u>, 308 F.3d 236, 243 (3d Cir. 2002).

    B.  <u>Analysis</u>

    Respondent argues the petition should be dismissed for failure to exhaust administrative remedies.  Petitioner asserts that he is still waiting for a decision on the appeal submitted to the Regional Office and that exhaustion is futile.

    "There is a judicially created exhaustion requirement for habeas petitions brought under 28 U.S.C. § 2241."  <u>Furando v. Ortiz</u>, No. 20-3739, 2020 WL 1922357, at *3 (D.N.J. Apr. 21, 2020) (internal citations omitted).  Failure to exhaust these remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice . . ."  <u>Moscato</u>

v. Fed. Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  "We require exhaustion for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Id. at 761-62. "[E]xhaustion is not required when the petitioner demonstrates that it is futile."  Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring).

The BOP's administrative remedy system has several tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  "In order to exhaust administrative remedies, an inmate must first present his complaint to the Warden of the institution where he is confined.  He may then further appeal an adverse decision to the Regional Director within 20 calendar days of the date the Warden signed the response."  Declaration of Senior Attorney Christina Clark ("Clark Dec."), ECF No. 12-1 ¶ 3.  "An inmate who is not satisfied with the Regional Director's response may submit an appeal to the Central Office, General Counsel, within 30 calendar days of the date the Regional Director signed the response.  No administrative remedy appeal is considered to have been finally exhausted until it has

been denied by the Bureau of Prisons' Central Office." Id.; see also 28 C.F.R. § 542.15(a).

Respondents argue that Petitioner failed to exhaust his administrative remedies because he failed to complete the second and third steps of the exhaustion procedure. Petitioner submitted his BP-9 to Warden Ortiz on December 22, 2019. ECF No. 12-1 at 10. Warden Ortiz affirmed the RRC recommendation of 90-120 days on January 22, 2020. Id. at 13. Petitioner's BP-10 appeal to the Northeast Regional Office was rejected on February 23, 2020 because Petitioner did not submit a copy of his BP-9 with his appeal. ECF No. 1-1 at 10. The notice informed Petitioner that he could "resubmit [his] appeal in proper form within 10 days of this rejection notice." Id.

Petitioner admits he did not exhaust his remedies: "For the grounds that I did not appeal was due to the fact that I did not have all the supporting exhibits to attach to my administrative remedies during the time they were filed and because filing administrative remedies for relief would not have been successful because the process would have taken too long to provide the relief I was requesting." ECF No. 1 at 8; see also Id. at 21 ("I did not continue to exhaust my administrative remedies because my BP-10 Exhibit (B3) already addressed these

10

concerns.").[3]  "Moreover, the purpose of exhaustion would not be served by requiring a second round of exhaustion.  I am requesting to be excused from the exhaustion requirement because I am less than one year from my release date.  Therefore, I could not obtain the relief I am seeking, the remaining time left on my sentence, if I first exhaust my administrative remedies."  Id. at 21.

Petitioner also asserts that he "resubmitted his BP-10 in March 2020, until the date of this Motion Petitioner have not received a response back from the Administrative Remedy Coordinator."  ECF No. 16 at 1.  "It is now two-months from Petitioner's RRC reconsideration date, and he has attempted but not completed the final step of the administrative remedy process."  Id.  The printout from the search conducted by Ms. Clark on May 20, 2020 does not indicate a corrected BP-10 was received by the Northeast Regional Office.  ECF No. 12-1 at 15; see also Clark Dec. ¶ 5.  The Court need not resolve whether Petitioner did in fact file a corrected BP-10 with the Northeast Regional Office because there is no indication that he attempted the final step of exhaustion, an appeal to the BOP's General Counsel's Office.

---

[3] Petitioner's Exhibit B3 is the rejection notice from the Northeast Regional Office.  ECF No. 1-1 at 10.

Assuming that Petitioner did submit a corrected BP-10 in March, the Regional Office had 30 days plus a one-time 30-day extension to respond to the appeal.  28 C.F.R. § 542.18.  At the very latest, the Regional Office had until June 1, 2020 to respond.[4]  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  Petitioner asserted in his June 10, 2020 response that he had not received a response from the Regional Director.  ECF No. 16.  Assuming Petitioner's assertion that he resubmitted his BP-10 is true, he was entitled on June 1 to consider the non-response a denial of his appeal and to escalate his grievance to the General Counsel's Office within 30 days.

The Court concludes it would not be appropriate to proceed to the merits at this time.  In addition to the overall failure to present his claims to the General Counsel's office, Petitioner did not raise his challenge to the IFRP refusal status or his argument that the BOP should have considered the effect of COVID-19 in its RRC decision in any of his submissions.  The only claim raised in his BP-9, initially filed in December 2019 before the start of the coronavirus pandemic,

---

[4] This is based on a BP-10 filing date of March 31, 2020 plus sixty days.

was his claim that he was entitled under the statue to 12 months in an RRC.  There is no BOP decision on the other claims for this Court to review.

The exhaustion of administrative remedies serves an important purpose in that it gives agencies "the opportunity to correct their own errors," Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996), and to consider changing circumstances, such as the impact of COVID-19 on the federal prison population and the Attorney General's guidance on releasing inmates to home confinement.[5]  Futility does not excuse Petitioner's failure to exhaust because even though he may not have received the full twelve months he was seeking, he could have been released to an RRC facility earlier than September had he completed exhaustion before filing this petition.  By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him.

---

[5] Petitioner has not raised any argument that the BOP abused its discretion under the he Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2) (2020). The Court declines to construe the petition as raising CARES Act claims because Petitioner did not exhaust this claim, and "the factors the BOP considers for home confinement eligibility under the CARES Act are subject to deviation and may be revised if circumstances change.  Therefore, exhaustion of administrative remedies serves an important purpose." Roscoe Benton III, v. David Ortiz, No. 20-4056, 2020 WL 3287971, at *3 (D.N.J. June 18, 2020).  Petitioner is free to file a § 2241 petition raising this argument after he has at least attempted to exhaust this claim within the BOP.

The Court will deny the motion for bail pending a decision.  "[B]ail pending disposition of habeas corpus review is available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success . . . or exceptional circumstances exist which make a grant of bail necessary to make the habeas remedy effective.'" United States v. Weicksel, 517 F. App'x 67, 68 (3d Cir. 2013) (per curiam) (quoting Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) (omission in original)).  Bail is not warranted under this standard because the Court is dismissing the habeas petition.

III. Conclusion

The Court dismisses the habeas corpus petition for failure to exhaust.  The motion for bail is denied.

An appropriate Order will be entered.


Dated:  June 22, 2020            s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.