```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
_____
                                   :
JARED HAYES,                       :
                                   :
          Petitioner,              :   Civ. No. 20-5268 (NLH)
                                   :
     v.                            :   OPINION
                                   :
                                   :
DAVID ORTIZ,                       :
                                   :
          Respondent.              :
_____:
```

APPEARANCES:

Jared Hayes, 12889-050
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Petitioner Pro se

Craig Carpenito, United States Attorney
Elizabeth Ann Pascal, Assistant United States Attorney
Office of the U.S. Attorney
401 Market Street
P.O. Box 2098
Camden, NJ 08101

    Counsel for Respondent

HILLMAN, District Judge

    This matter comes before the Court on Petitioner Jared Hayes' post-judgment motion to update the judicial review, ECF No. 19; motion to add final exhibits to writ of habeas corpus, ECF No. 20; and motion to file newly discovered evidence, ECF

No. 21.  Respondent United States opposes all motions.  ECF No. 25.

For the reasons that follow, the Court will deny the motion for reconsideration and dismiss the other motions as moot.

I.  BACKGROUND

Petitioner pled guilty to conspiracy, 18 U.S.C. § 371; aiding & abetting bank fraud, 18 U.S.C. §§ 2, 1344; and aiding & abetting use of counterfeit & unauthorized access devices, 18 U.S.C. §§ 2, 10219(A)(2), in the United States District Court for the Eastern District of Pennsylvania.  ECF No. 12 at 3-4; see also United States v. Hayes, No. 2:14-cr-00315 (E.D. Pa. July 30, 2015).  On January 23, 2017, Petitioner was sentenced to a 55-month term of imprisonment, which included a concurrent 55-month term for aiding & abetting aggravated identity theft, 18 U.S.C. §§ 2, 1028(A)(1).  ECF No. 12 at 4.  "Assuming Petitioner receives all good conduct time available, his projected release date is February 15, 2021."  Id.

On August 22, 2019, Petitioner's unit manager issued a report discussing Petitioner's eligibility for RRC placement under the Second Chance Act of 2007.  ECF No. 12-2 at 8.  The unit team "recommend[ed] a placement date between November 14,

2

2020 and December 14, 2020." Id.[1]  Petitioner filed a request for administrative remedy on December 22, 2019 asking for a 12-month RRC placement instead of the unit team's recommended 90 to 120-day placement.  ECF No. 1-1 at 4.  Warden David Ortiz denied the request on January 22, 2020:

> On August 21, 2019, you were evaluated for RRC placement by your Unit Team.  It was determined that 90-120 days of RRC placement in the Eastern District of Pennsylvania would be sufficient to meet your pre-release needs.  The recommendation of 90-120 days was based in part, on your individual, expressed needs, employment prospects, financial support, and completion of several self-improvement programs/educational classes.
>
> In regard to your mental health needs, you are listed as Care Level 1.  The Unit Team has no documentation which would indicate you have specific mental health treatment needs.  Rather, you furnished documentation supporting that you were seen for a Psychiatric evaluation at FTD and received unspecified Early Intervention Support Services for 30 days prior to incarceration.

Id. at 6-7.  Warden Ortiz informed Petitioner that he had 20 days to appeal the decision to the Northeast Regional Office. Id. at 7.

Petitioner submitted an appeal on February 3, 2020.  Id. at 8.  The BOP Northeast Regional Office rejected Petitioner's appeal as incomplete on February 23, 2020 and permitted him to resubmit the appeal within 10 days.  Id. at 10.  Petitioner filed this § 2241 petition on April 28, 2020.  ECF No. 1.  He

---

[1] As of April 30, 2020, Petitioner's Public Information Inmate Data sheet reflects a current home detention eligibility date of September 2, 2020.  ECF No. 12-1 at 6.

3

argued the BOP abused its discretion in denying his request for placement in an RRC for the last year of his sentence.  Id. at 7.  He claimed his case manager and counselor were conspiring against him and compounded their abuse of discretion by failing to consider the effect of the coronavirus COVID-19 pandemic on his reentry.  Id. at 7-8.  He asked the Court to provide him a judicial recommendation for RRC placement or home detention for the remainder of his sentence.  Id. at 8.

The Court dismissed the petition for failure to exhaust.  ECF No. 18.  It cited to Petitioner's admission that he did not appeal the Warden's decision because he "'did not have all the supporting exhibits to attach to [his] administrative remedies during the time they were filed and because filing administrative remedies for relief would not have been successful because the process would have taken too long to provide the relief [he] was requesting.'"  ECF No. 17 at 10 (quoting ECF No. 1 at 8).

The Court acknowledged the conflict between the printout from the search conducted by Bureau of Prisons Senior Attorney Christina Clark on May 20, 2020, which did not indicate that a corrected BP-10 had been received by the Northeast Regional Office, and Petitioner's assertion that he did file a corrected appeal.  ECF No. 17 at 11.  It concluded that the issue did not need to be resolved by the Court because there was no indication

4

that Petitioner attempted the final step of exhaustion, an appeal to the BOP's General Counsel's Office.  Id.  "Assuming Petitioner's assertion that he resubmitted his BP-10 is true, he was entitled on June 1 to consider the non-response a denial of his appeal and to escalate his grievance to the General Counsel's Office within 30 days."  Id.

After the Court entered judgment, Petitioner submitted a motion to update the judicial review, ECF No. 19; motion to add final exhibits to writ of habeas corpus, ECF No. 20; and motion to file newly discovered evidence, which the Court construed as a motion for reconsideration, ECF No. 21.  He thereafter filed a notice of appeal to the Third Circuit.  ECF No. 22.  The United States filed its opposition to the motions on July 14, 2020. ECF No. 25.  On July 20, 2020, the Third Circuit stayed the appeal pending a decision on the post-judgment motions.  ECF No. 26.

II. DISCUSSION

    A. Legal Standard

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, ___ F.3d ___, 2020 WL 3635577, at *7 (3d Cir. July 6, 2020) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  A court may grant a motion for reconsideration if the moving party

5

shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

B. Analysis

Petitioner's seeks relief from the Court's Order on the basis of newly discovered evidence: a receipt of administrative remedy from the BOP Northeast Regional Counsel dated June 23, 2020. ECF No. 21 at 4. The receipt indicates that Petitioner's resubmitted appeal had been received on March 27, 2020. Id. Petitioner asserts this is evidence of fraud and obstruction by the BOP. Id. at 2. In response, the United States asserts that "[u]pon further review, the BOP discovered that Petitioner did refile a Regional Administrative Remedy (BP-10) but it was not docketed in the BOP's computerized system until June 10, 2020, after the date BOP Senior Attorney Advisor Christina Clark checked the BOP's computerized index as noted in her original declaration." ECF No. 25 at 2. "Contrary to Petitioner's allegations, this was an administrative error arising from COVID-19 limited operations." Id. at 3. "Petitioner still has not exhausted his administrative remedies. The record

6

demonstrates that when Petitioner filed his petition . . . , he had not yet received a response to his refiled BP-10, which was due on April 26, 2020.  Nor did he file an administrative remedy with the BOP's Central Office (BP-11)."  Id.

The receipt of administrative remedy does nothing to change this Court's conclusion that Petitioner failed to exhaust his administrative remedies.  The Court gave Petitioner the benefit of the doubt in its original opinion and accepted as true that he did refile his BP-10 with the Regional Administrator.  ECF No. 17 at 12.  Adjusting the prior calculation of time, the Regional Administrator had at most sixty days to respond after the BP-10 was received on March 27, 2020, i.e., by May 26, 2020.  Once he did not receive an answer by May 26, 2020, Petitioner had thirty days to file an appeal with the General Counsel, i.e., by June 25, 2020.  See 28 C.F.R. § 542.18.  Instead, Petitioner filed his § 2241 petition on April 28, 2020.  ECF No. 1.

Petitioner admitted in his initial filing to not exhausting "because filing administrative remedies for relief would not have been successful because the process would have taken too long to provide the relief [he] was requesting."  ECF No. 1 at 8.  "I am requesting to be excused from the exhaustion requirement because I am less than one year from my release date.  Therefore, I could not obtain the relief I am seeking,

7

the remaining time left on my sentence, if I first exhaust my administrative remedies." Id. at 21. Petitioner's "newly discovered evidence" does not change the fact that he purposely did not exhaust his administrative remedies.

"[] Petitioner attempts to capitalize on his decision to file the Petition right at the beginning of his last year of imprisonment. However, such self-serving strategy has never been rewarded by the courts with habeas relief." Velez v. Zickefoose, No. 10-3992, 2010 WL 5186158, at *4 (D.N.J. Dec. 15, 2010). "Consequently, the calamity — if any — which Petitioner might be facing is of his own making, and such hypothetical self-inflicted distress cannot serve as a basis for excusing the exhaustion requirement." Shoup v. Shultz, No. 09-0585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009). Therefore, the motion for reconsideration is denied.

Having denied the motion for reconsideration, the Court dismisses the other pending motions as moot. The motion "to update judicial review" merely reiterates Petitioner's arguments for RRC placement based on the COVID-19 pandemic and his mental health concerns. ECF No. 19. There is no new information that would impact the Court's decision to dismiss the petition as unexhausted.

Petitioner's "motion to add final exhibits to writ of habeas corpus" is a collection of newspaper articles

8

"document[ing] the 'aggravated' circumstances Petitioner will face upon his reentry phase of his sentence." ECF No. 20 at 1. He argues these circumstances warrant the full 12-month RRC placement. Because the Court never reached the merits of the petition, these supplements do not impact the Court's decision.

III. Conclusion

The Court will deny the motion for reconsideration. The motions to supplement will be dismissed as moot. An appropriate Order will be entered.

Dated: July 28, 2020        s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.