```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
_____
                              :
JARED HAYES,                  :
                              :
          Petitioner,         :   Civ. No. 20-5268 (NLH)
                              :
     v.                       :   OPINION
                              :
                              :
DAVID ORTIZ,                  :
                              :
          Respondent.         :
_____:
```

APPEARANCES:

Jared Hayes, 12889-050
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Petitioner Pro se

Craig Carpenito, United States Attorney
Elizabeth Ann Pascal, Assistant United States Attorney
Office of the U.S. Attorney
401 Market Street
P.O. Box 2098
Camden, NJ 08101

    Counsel for Respondent

HILLMAN, District Judge

    This matter comes before the Court on Petitioner Jared Hayes' unopposed motion for reconsideration.  ECF No. 27.  For the reasons that follow, the Court will deny the motion.

I.   BACKGROUND

Petitioner pled guilty to conspiracy, 18 U.S.C. § 371; aiding & abetting bank fraud, 18 U.S.C. §§ 2, 1344; and aiding & abetting use of counterfeit & unauthorized access devices, 18 U.S.C. §§ 2, 10219(A)(2), in the United States District Court for the Eastern District of Pennsylvania.  ECF No. 12 at 3-4; see also United States v. Hayes, No. 2:14-cr-00315 (E.D. Pa. July 30, 2015).  On January 23, 2017, Petitioner was sentenced to a 55-month term of imprisonment, which included a concurrent 55-month term for aiding & abetting aggravated identity theft, 18 U.S.C. §§ 2, 1028(A)(1).  ECF No. 12 at 4.  "Assuming Petitioner receives all good conduct time available, his projected release date is February 15, 2021."  Id.

On August 22, 2019, Petitioner's unit manager issued a report discussing Petitioner's eligibility for RRC placement under the Second Chance Act of 2007.  ECF No. 12-2 at 8.  The unit team "recommend[ed] a placement date between November 14, 2020 and December 14, 2020."  Id.  Petitioner filed a request for administrative remedy on December 22, 2019 asking for a 12-month RRC placement instead of the unit team's recommended 90 to 120-day placement.  ECF No. 1-1 at 4.  Warden David Ortiz denied the request on January 22, 2020:

> On August 21, 2019, you were evaluated for RRC placement
> by your Unit Team.  It was determined that 90-120 days
> of RRC placement in the Eastern District of Pennsylvania

> would be sufficient to meet your pre-release needs. The recommendation of 90-120 days was based in part, on your individual, expressed needs, employment prospects, financial support, and completion of several self-improvement programs/educational classes.
>
> In regard to your mental health needs, you are listed as Care Level 1. The Unit Team has no documentation which would indicate you have specific mental health treatment needs. Rather, you furnished documentation supporting that you were seen for a Psychiatric evaluation at FTD and received unspecified Early Intervention Support Services for 30 days prior to incarceration.

Id. at 6-7. Warden Ortiz informed Petitioner that he had 20 days to appeal the decision to the Northeast Regional Office. Id. at 7.

Petitioner submitted an appeal on February 3, 2020. Id. at 8. The BOP Northeast Regional Office rejected Petitioner's appeal as incomplete on February 23, 2020 and permitted him to resubmit the appeal within 10 days. Id. at 10. Petitioner filed this § 2241 petition on April 28, 2020. ECF No. 1. He argued the BOP abused its discretion in denying his request for placement in an RRC for the last year of his sentence. Id. at 7. He claimed his case manager and counselor were conspiring against him and compounded their abuse of discretion by failing to consider the effect of the coronavirus COVID-19 pandemic on his reentry. Id. at 7-8. He asked the Court to provide him a judicial recommendation for RRC placement or home detention for the remainder of his sentence. Id. at 8.

3

The Court dismissed the petition for failure to exhaust. ECF No. 18.  Petitioner filed three post-judgment motions: a motion to update the judicial review, ECF No. 19; a motion to add final exhibits to writ of habeas corpus, ECF No. 20; and a motion to file newly discovered evidence, which the Court construed as a motion for reconsideration, ECF No. 21.  After filing these motions, Petitioner filed a notice of appeal to the Third Circuit on July 6, 2020.  ECF No. 22.  The Third Circuit stayed action on Petitioner's appeal while the three post-judgment motions were under consideration by this Court.  ECF No. 26.

The Court denied the pending motions on July 28, 2020.  ECF No. 29.  Petitioner submitted the instant motion for reconsideration before the order dismissing the prior motions was entered on the docket.  ECF No. 27.

II. DISCUSSION

    A.  Legal Standard

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d 218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the

availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

B. Analysis

Petitioner argues the Court "overlooked" the fact that he "had been intimidated by his counselor on 3/18/2020, when he was called to her office in reference to the BP-8 he had filed." ECF No. 27 at 2. He argues his counselor changed his FRP contract to intimidate him. Id. He argues the Court failed to examine the legality of the FRP contract. He reiterates his argument that the BOP committed fraud when it denied that Petitioner did not correct his BP-10 form.[1] Id. He also states that his "BP-10 had not addressed the financial issues or the increase of his FRP payment because when the Petitioner initially raised the issues of his RRC placement in his BP-10 he was not in FRP refusal . . . ." Id. at 3. He claims he was too intimidated to file another grievance. Id.

The Court did not overlook Petitioner's FRP payment argument. It declined to address the merits because he failed

---

[1] The Court addressed this argument in its opinion denying Petitioner's first set of post-judgment motions.

5

to exhaust that argument. ECF No. 17 at 12. Petitioner's new claim that he was too intimidated to file internal remedies regarding the refusal status appears nowhere in his petition, ECF No. 1, or his reply papers, ECF No. 16. Instead, Petitioner argued:

> For the grounds that I did not appeal was due to the fact that I did not have all the supporting exhibits to attach to my administrative remedies during the time they were filed and because filing administrative remedies for relief would not have been successful because the process would have taken too long to provide the relief I was requesting.

ECF No. 1 at 8. And:

> I am also respectfully requesting that the Court allow me to proceed without having to exhaust my final administrative remedy because I am under 12 months from my release date, therefore, I could not obtain the relief I am seeking, with less than 12 months remaining for RRC placement if I continue to exhaust my administrative remedies.

Id. at 10. And:

> I did not continue to exhaust my administrative remedies because my BP-10 Exhibit (B3) already addressed these concerns . . . .[2] Moreover, the purpose of exhaustion would not be served by requiring a second round of exhaustion. I am requesting to be excused from the exhaustion requirement because I am less than one year from my release date. Therefore, I could not obtain the relief I am seeking, the remaining time left on my sentence, if I first exhaust my administrative remedies.

---

[2] Petitioner argues that he "was only asking the Court to excuse him from the exhaustion requirements for that particular grievance and not the entire circumstances stemming from the FRP contract." ECF No. 27 at 7. Regardless, Petitioner did not even attempt the first step of exhaustion for his FRP claims so dismissal for lack of exhaustion was correct.

6

Id. at 21.  The only argument about exhaustion appearing in his reply papers was "Petitioner resubmitted his BP-10 in March 2020, until the date of this [filing] Petitioner has not received a response back from the Administrative Remedy Coordinator . . . he has attempted but not completed the final step of the administrative process."  ECF No. 16 at 1.  There is no evidence Petitioner attempted to file a BP-11 with the General Counsel after failing to receive a response from the Regional Director.  "Appeal to the General Counsel is the final administrative appeal."  28 C.F.R. § 542.15(a).

"[ ] Petitioner attempts to capitalize on his decision to file the Petition right at the beginning of his last year of imprisonment.  However, such self-serving strategy has never been rewarded by the courts with habeas relief."  Velez v. Zickefoose, No. 10-3992, 2010 WL 5186158, at *4 (D.N.J. Dec. 15, 2010).  "Consequently, the calamity — if any — which Petitioner might be facing is of his own making, and such hypothetical self-inflicted distress cannot serve as a basis for excusing the exhaustion requirement."  Shoup v. Shultz, No. 09-0585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009).  Therefore, the motion for reconsideration is denied.

7

III. Conclusion

    The Court will deny the motion for reconsideration.  An appropriate Order will be entered.


Dated: September 28, 2020       s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.